FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ MAR 31 2014 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PAMELA ROLLE,

                Plaintiff,

                                          ORDER
-against-                                 11-CV-3855 (SJF)(AKT)

EDUCATIONAL BUS TRANSPORTATION, INC.,

                Defendant.
----------------------------------------------------------------X
FEUERSTEIN, District Judge:

Pending before the Court are the objections of plaintiff Pamela Rolle ("plaintiff") to a Report and Recommendation ("the Report") of the Honorable A. Kathleen Tomlinson, United States Magistrate Judge, dated February 11, 2014, recommending that I grant the motion of defendant Educational Bus Transportation, Inc. ("defendant") seeking dismissal of the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for relief. For the reasons stated herein, the Report is accepted in its entirety.

I.    Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b); see Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002). Any portion of a report and recommendation on dispositive matters to which a specific, timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); see Arista Records, LLC v. Doe 3, 604 F.3d 110, 116 (2d Cir. 2010). However, the court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no

1

proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives [judicial] review of a decision in a magistrate judge's report and recommendation if the party fails to file timely objections designating the particular issue."); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point.")

General objections, or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke de novo review * * * [because] [s]uch objections would reduce the magistrate's work to something akin to a meaningless dress rehearsal." Owusu v. New York State Insurance, 655 F. Supp. 2d 308, 313 (S.D.N.Y. 2009) (alterations, quotations and citations omitted); see also Butto v. Collecto, Inc., 290 F.R.D. 372, 379 (E.D.N.Y. 2013) ("In a case where a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (quotations and citation omitted)); Menking ex rel. Menking v. Daines, 287 F.R.D. 174, 177 (S.D.N.Y. 2012) (accord). To accept the report and recommendation of a magistrate judge to which such general or perfunctory objections are made, or to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. See Fed. R. Civ. P. 72(b); Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error."); Praileau v. Fischer, 930 F. Supp. 2d 383, 388 (N.D.N.Y. 2013) (holding that when no objection or only a

2

general objection is made to a portion of a magistrate judge's report and recommendation, or an objection merely reiterates the same arguments presented to the magistrate judge, the court subjects that portion of the report and recommendation to clear error review).

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); see Sentry Ins. A Mut. Co. v. Brand Management, Inc., 295 F.R.D. 1, 2 (E.D.N.Y. 2013); North Shore-Long Island Jewish Health Care System, Inc. v. MultiPlan, Inc., 953 F. Supp. 2d 419, 424 (E.D.N.Y. 2013).

II. Objections

Plaintiff contends, *inter alia*, that Magistrate Judge Tomlinson erred: (1) in recommending that her claims be dismissed because "many White [sic] were in the same similar situation as [her] and did not suffer * * * detriment[,]" (Objections ["Obj."] at 2); (2) in finding that she did not state a prima facie case for discrimination because she is "an African American female that has been discriminated, harassed and retaliated against by the Defendant[,]" (Obj. at 2); and (3) in finding that the letters she submitted from four (4) of her former colleagues were insufficient from which to find that she plausibly stated claims of discrimination or retaliation, (Obj. at 4-5).

Upon *de novo* review of the Report, the pleadings, all motion papers, plaintiff's objections and defendant's response thereto, I accept Magistrate Judge Tomlinson's Report in its entirety. For the reasons set forth in the Report, defendant's motion to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted and the amended complaint is dismissed in its entirety with prejudice pursuant to Rule 12(b)(6) of the

3

Federal Rules of Civil Procedure for failure to state a claim for relief.

III. Conclusion

For the reasons set forth herein and in Magistrate Judge Tomlinson's Report, the Report is accepted in its entirety; defendant's motion seeking dismissal of plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted; and the amended complaint is dismissed in its entirety with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for relief. The Clerk of the Court shall enter judgment in favor of defendant, close this case and serve notice of entry of this Order pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

SO ORDERED.

s/ Sandra J. Feuerstein
SANDRA J. FEUERSTEIN
United States District Judge

Dated: March 31, 2014
Central Islip, New York